# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CARLOS RIJOS, individually** | * | **CIVIL ACTION NO. 2:24-cv-2214** |
| **VERSUS** | * | **JUDGE: LONG** |
| **SANARE ENERGY PARTNERS, LLC, LINEDOUT PRO FISHING, LLC, AND GERALD MITCHELL MOSLEY** | * | **MAG. JUDGE: ROBY** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

**MAY IT PLEASE THE COURT:**

### I. Background

Plaintiff, **CARLOS RIJOS** ("RIJOS"), was seriously injured on March 12, 2024 during a recreational fishing trip with his friend, Claude Royster and an acquaintance of Royster's named Gerald Mitchell "Mitch" Mosely. Specifically, on the date and time in question, Rijos and Royster were passengers aboard Mosley's (and/or Defendant Linedout Pro Fishing LLC's) 2017, 30-foot ST Contender sport fishing vessel, "LINEDOUT," and the trio had departed early that morning out of Cocodrie, LA for what was supposed to be an enjoyable day of fishing in the 2024 Louisiana Tuna and Wahoo Classic - a fishing tournament off the Louisiana coast. While travelling through the navigable waters of the Gulf of Mexico during the pre-dawn morning hours of the fishing trip, suddenly and without warning to Rijos or Royster, the vessel, being operated by Mosely, struck an unmarked, unlit platform[1] in the area of the Gulf of Mexico known as Ship Shoal, Block 87 – B Platform, ("SS87-B") owned and operated by Defendant Sanare Energy Partners, LLC ("Sanare") – critically injuring Rijos and killing Royster. As a result, Rijos filed suit in the Thirty-Second Judicial District Court for the Parish of Terrebonne, State of Louisiana, pursuant to the

---

[1] The platform also had no audible warning.

1

Savings to Suitors Clause of 28 U.S.C § 1333, and the laws of the State of Louisiana where they do not conflict with the general maritime law.

Sanare has removed this matter from the Thirty-Second Judicial District for the Parish of Terrebonne, State of Louisiana. As grounds for removal, Sanare only alleges that removal is "proper pursuant to 28 U.S.C. §1441(a) because plaintiff's claims fall under the OCSLA, 43 U.S.C. §1331 *et. seq.*, which confers original jurisdiction upon this Court." (Rec. Doc. 1, p.4; Rec Doc. 3, p. 4). Rijos does not dispute that this case *could* have been brought in this Honorable Court as it sounds in admiralty – clearly and unquestionably and as is alleged – since the accident and corresponding injuries / death was caused by a recreational vessel in navigation striking a hazard to navigation. However, this case was lawfully brought in state court pursuant to the Savings to Suitors Clause (28 U.S.C. § 1333). Undoubtedly aware of this, and in effort to deny Plaintiff his chosen forum in state court, Defendant improvidently removed this case seeking to attach OCSLA jurisdiction to a case where it simply should not apply. Accordingly, removal herein was improper and this matter should be remanded to the Thirty-Second Judicial District Court for the Parish of Terrebonne, State of Louisiana for further proceedings, all as is more fully set forth below.

**II.    Law and Argument**

When challenging a motion to remand, "[t]he party invoking the removal jurisdiction of federal courts bears the burden of establishing federal jurisdiction over the state court suit." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921–22 (5th Cir. 1997), *as amended on denial of reh'g* (Dec. 19, 1997) (citation omitted). Because a defendant's invocation of the removal statute "deprives a state court of a case properly before it and thereby implicates important federalism concerns[,]" *id.*, federal courts must construe § 1441 strictly and "scrupulously confine their own jurisdiction to the precise limits which the statute has defined," *Gregoire v. Enter. Marine Servs., LLC*, 38 F. Supp. 3d 749, 764 (E.D. La. 2014) (quoting *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354,

380 (1959)). *Any ambiguities regarding whether removal jurisdiction is proper must be resolved against federal jurisdiction and in favor of the party seeking remand*. *See, e.g., Manguno v. Prudential Property and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). (Emphasis Added.)

     **i.**     **Admiralty claims such as that of Rijos may be brought in state or federal court.**

Under the Savings to Suitors Clause, a plaintiff may bring an admiralty claim in either state or federal court. *Herrin v. Tri-State Envtl.*, LLC, CV 22-77, 2022 WL 4604964 at *2 (E.D.La. 2022) citing *Baris v. Sulpicio Lines, Inc*., 932 F.2d 1540, 1542 (5th Cir. 1991). Under 28 U.S.C. § 1333, federal courts have original jurisdiction over any civil case of admiralty or maritime jurisdiction but "**saving to suitors in all cases all other remedies to which they are otherwise entitled."** (Emphasis added). The removal statute under 28 U.S.C. § 1441(a) states as follows:

> "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

However, it has long been *nearly* undisputed that "even though federal courts have original jurisdiction over maritime claims under 28 U.S.C. § 1333, they do not have removal jurisdiction over maritime cases which are brought in state court." *Barker v. Hercules Offshore, Inc*., 713 F.3d 208, 219 (5th Cir.2013) citing *Romero v. Int'l Terminal Operating Co*., 358 U.S. 354, 377–79, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959) (Compiling treatises in appendix to opinion). This established rule of law has been consistently applied by other sections of this Court which have all maintained that general maritime law claims are not removable on the basis of admiralty jurisdiction alone.[2]

---

[2] *See e.g., Alexis v. Hilcorp Energy Co.*, 493 F.Supp.3d 497, 506 (E.D.La. 2020); *Allied Shipyard, Inc. v. Moore*, 2020 WL 7351306 at *2, (E.D.La. 2020); *Finney v. Board of Commissioners of Port of New Orleans*, 575 F.Supp.3d 649, 661 (E.D.La. 2021); and *Willison v. Noble Drilling Exploration Co.*, 2022 WL 443808 at *4 (E.D.La. 2022).

More specifically, as stated in *Barker, supra,* the Fifth Circuit reaffirmed that maritime claims are not removable in the absence of some basis of original federal jurisdiction other than admiralty:

> [E]ven though federal courts have original jurisdiction over maritime claims under 28 U.S.C § 1333, they do not have removal jurisdiction over maritime cases which are brought in state court. *Romero v. Int'l Terminal Operating Co*., 358 U.S. 354, 377-79, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959). Instead, such lawsuits are exempt from removal by the "savings-to-suitors" clause of the jurisdictional statute governing admiralty claims, *see id.,* and therefore may only be removed when original jurisdiction is based on another jurisdictional grant, such as diversity of citizenship. *In re Dutile,* 935 F.2d 61, 63 (5th Cir. 1991).
> *Barker*, 713 F.3d at 219.

"Sanare denies that diversity exists" in this matter[3], so clearly diversity jurisdiction does not provide an independent basis for the removal of this case. As stated above, with respect to possible federal question jurisdiction, Sanare only contends that plaintiff's claims are removable because plaintiff's claims fall under the OCSLA, 43 U.S.C. §1331, *et. seq*. While OCSLA, when viewed in a vacuum, *can* provide a basis for federal question jurisdiction, under the facts of this case, such application is not appropriate here. Accordingly, since Sanare has failed to establish an independent basis for federal jurisdiction, this suit should be remanded.

### ii. Federal question jurisdiction under the OCLSA is not appropriate here.

Defendant's attempt to apply OCLSA jurisdiction to the Rijos claims is like trying to force a square peg through a round hole. It simply does not fit. Carlos Rijos was a passenger on a fishing boat in the navigable waters of the Gulf of Mexico who sustained catastrophic injuries on a fishing boat. In short, and as aforementioned, he was injured on a *recreational vessel in navigation by a hazard to navigation*. His claims against all defendants – the boat owner / operator

---

[3] See Sanare Energy Partners, LLC's Answer to Ralista Royster's Complaint for Damages and Cross-Claim against Mitch Mosely and Linedout Pro Fishing, LLC (Case No. 24-01627, Rec. Doc. 13, page 5, paragraph 19).

(Linedout / Mosely) and Sanare – sound in admiralty and only in admiralty. Further, the operative facts of this case – three recreational fisherman who are injured / killed on navigable waters during a fishing trip – are clearly distinguishable from each and every case cited by Defendant in its Notice of Removal, as Rijos, nor any of the injured / killed gentlemen aboard the F/V LINEDOUT, nor the F/V LINEDOUT herself, have any relationship whatsoever with "operations involving the exploration, development or production of minerals on the OCS."[4] This critical distinction cannot be overlooked.

A snapshot of the cases Sanare is attempting to rely upon in trying to obtain OCSLA jurisdiction is below. As this Honorable Court will see, the distinction between each and every one of these cases and the Rijos matter are crystal clear:

**(a)** *Barker v. Hercules Offshore, Inc.,* **713 F. 3d 208, 220-21 (5th Cir. 2013)**

→Plaintiff was an oilfield worker on a jack-up oil rig attached to the OCS who was injured during the course and scope of his employment assisting in the drilling of offshore oil and gas wells;

**(b)** *Matte v. Mobil Expl. & Producing N. Am. Inc.*, **2018 WL 5023729 (E.D. La. Oct. 17, 2018)**

→Plaintiff was an oilfield worker who alleged he had developed chronic meylomonocystic leukemia ("CMML") as a result of exposure to benzene and benzene-containing products while working offshore, at least part of the time, on the OCS;

**(c)** *Roy v. Ardent Companies, Inc.*, **2015 WL 4135781 (M.D. La. July 8, 2015)**

→Plaintiff was an oilfield worker who was injured when he tripped and fell on an offshore platform on the OCS over electrical coils left in his walking path;

**(d)** *Lopez v. McDermott, Inc.*, **2018 WL 525851 (E.D. La. Jan. 24, 2018)**

---

[4] See Sanare's Notice of Removal (Rec. Doc. 1 and Rec Doc. 3, page 6, paragraph 14).

➔Plaintiff was an oilfield worker who alleged he was exposed to injurious levels of asbestos while he was employed on various offshore drilling and production platforms on the OCS during his employment;

**(e)** *Tennessee Gas Pipeline v. Houston Casualty Ins. Co*., **87 F.3d 150, 155 (5th Cir.1996)**

➔Plaintiff, the owner and operator of a fixed platform secured to the OCS, brought a claim for damages against Houston Casualty Insurance Company for damages it sustained when the platform was struck by a passing ocean going towing vessel. Tennessee Gas's platform, which was damaged, was constructed to aid in the development of minerals on the OCS, and Tennessee Gas's allegations (i.e., the plaintiff therein) included that the accident caused losses due to the inability to extract minerals on the OCS.

**(f)** *EP Operating Ltd. P'ship v. Placid Oil Co.*, **26 F.3d 563, 568 (5th Cir. 1994)**

➔Plaintiff was a co-owner of certain property located on the OCS who filed suit against its co-owners to partition the property. The dispute arose out of Plaintiff's (EP) attempt to recover some value from unused and depreciating assets on the OCS.

**(g)** *Amoco Production Company v. Searobin Pipeline Co., et al*, **844 F.2d 1202 (5th Cir. 1988)**

➔Case involved "take or pay obligations" in contracts for the sale/purchase of natural gas made between Sea Robin Pipeline Co. and Amoco Production Co. which were found to have consequences as to productions of the well (and reservoir) on the OCS in the sense of the productive process and productibility of the well / reservoir in question.

**(h)** *Pilette v. United Marine Offshore, LLC*, **2018 WL 2212968 (W.D. La. Apr. 26, 2018)**

➔Plaintiff was an oilfield worker who was hired to perform tank cleaning operations in connection with a Gulf of Mexico permanent production platform on the OCS off the Louisiana coast who

was injured while on a jack up rig next to the production platform when the jack up was struck by another vessel involved in the work operations.

Clearly, the facts and circumstances surrounding the Rijos accident (i.e., three fishermen injured on a sport fishing vessel while on a recreational fishing trip) are distinguishable from each and every case relied upon by Sanare in its Notice of Removal. Moreover, the spirit of OCSLA was not to confer jurisdiction on cases such as that of Rijos. To do otherwise would lead to an absurd result. Rijos was not an oilfield worker injured during the course and scope of his employment during exploration or production activities on the OCS. Nor was Rijos a platform owner or oil company whose oil and gas related business was impacted due to a vessel alliding with a platform searching for minerals on the OCS. Rather, Rijos was simply a recreational fisherman out to enjoy a day of fishing in the waters of the Gulf of Mexico - and his legal rights arising from his purely maritime accident should not be limited or otherwise thwarted as a result thereof.[5]

---

[5] It is significant to note that while Sanare references a "but for" test utilized by one section of the United States District Court for the Eastern District of Louisiana in *Lopez v. McDermott, Inc.,* 2018 WL 525851 (E.D. La. 2018), namely that "when assessing OCSLA jurisdiction under 43 USC §1349(b), federal courts consider whether "(1) the activities that caused the injury constituted an 'operation' conducted on the outer Continental Shelf' that involved the exploration and production of minerals, and (2) the case arises out of, or in connection with the operation." *citing In re Deepwater Horizon,* 745 F.3d 157, 163 (5th Cir. 2014), the Fifth Circuit articulated its but for test differently in *Barker v. Hercules Offshore, Inc.,* 713 F.3d 208 (5th Cir. 2013). In *Barker,* a case also relied upon by Sanare in its Notice of Removal, the Fifth Circuit articulated its "but for" test as follows: "To determine whether a cause of action arises under OCSLA, the Fifth Circuit applies a but-for test, asking whether: (1) the facts underlying the complaint occurred on the proper situs; **(2) the plaintiff's employment furthered mineral development on the OCS and (3) the plaintiff's injury would not have occurred but for his employment**." 713 F.3d at 213. (Emphasis Added). First and foremost, any ambiguities arising from either test favor remand. Further, the "activities" that caused Rijos' injuries was a negligent recreational boat operator striking a hazard to navigation – and this case did not arise out of or in connection with any OCS operations. Still further, the second and third factors of the test as articulated in *Barker* clearly do not apply herein. Rijos was an injured passenger on a recreational fishing vessel in navigable waters. He, nor the vessel upon which he was travelling, had any relationship whatsoever with operations being conducted on the OCS at the time of his injury.

### iii. Sanare's contention that Plaintiff need not expressly invoke OCSLA jurisdiction in order for it to apply is of no consequence herein.

While Rijos acknowledges, generally, that a Plaintiff need not expressly invoke OCSLA jurisdiction in order for it to apply – that does not simply mean such jurisdiction must or should be applied here. If such were the case, any defendant would have carte blanche to remove any case it so desired by simply contending that OCSLA applied, or frankly any other jurisdictional basis it may self-servingly choose to allege, regardless of a justifiable basis to do so. This would lead to an absurd result. As plainly stated by the United States Supreme Court, "a defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharmaceuticals, Inc., v. Thompson,* 478 U.S. 804, 808, 106 S. Ct. 3229, 92 L.Ed. 2d 650 (1986). Further, even an inevitable federal defense does not provide a basis for removal jurisdiction. *Hoskins v. Bekins Van Lines,* 343 F.3d 769, 772 (5th Cir. 2003) (quoting *Carpenter v. Wichita Falls Ind. School District.,* 44 F.3d 362, 366 (5th Cir. 1995). In short, and as repeatedly addressed above, this accident and Mr. Rijos's injury claim arises from a tragic fishing accident with friends. It does not arise from operations involving the exploration, development or production of minerals on the OCS for OCSLA jurisdiction to exist – contrary to Sanare's attempt to fit this square peg into a round hole.

### III. Conclusion

Recreational fishing vessels, including the sport fishing vessel LINEDOUT, are not engaged in the development, production or exploration activities typical of OCSLA considerations. Maritime law would generally govern any allision with a hazard to navigation, including an allision with a fixed platform located in navigable waters, provided that the allision itself does not pertain to activities typically covered under OCSLA, such as oil and gas exploration, development or production. Thus, the application of jurisdiction in this case should be based on the nature of the

vessel (recreational fishing rather than resource-exploitative or anything having to do with oil and gas activity) and the location of the incident (navigable waters of the Gulf of Mexico) as properly alleged in the Rijos Complaint. It should not be based on Sanare's self-serving *response* to those allegations.

Plaintiff, Carlos Rijos, respectfully avers that this Motion to Remand has been made within 30 days of the filing of the Notice of Removal pursuant to 28 U.S.C. §1447(c). Accordingly, and for all of the reasons set forth above, Plaintiff respectfully requests that this Honorable Court remand this proceeding back to the Thirty-Second Judicial District Court for the Parish of Terrebonne, State of Louisiana.

Respectfully submitted,

*/s/ J. Christopher Zainey, Jr.*
J. CHRISTOPHER ZAINEY, JR. (Bar #32022)
**LAMBERT, ZAINEY, SMITH & SOSO, PLC**
701 Magazine Street
New Orleans, LA 70130
Telephone: (504) 581-1750
Facsimile: (504) 529-2931
czainey@lambertzainey.com
**COUNSEL FOR PLAINTIFF CARLOS RIJOS**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served this 4th day of October 2024, on all counsel of record in this matter via the Court's EM/ECF filing system.

*/s/ J. Christopher Zainey, Jr.*
**J. CHRISTOPHER ZAINEY, JR.**